UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANNETTE NOVOA, et al.,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00251-EPG<br><br>ORDER DENYING *IN FORMA PAUPERIS* APPLICATION WITHOUT PREJUDICE AND DIRECTING PLAINTIFF TO SUBMIT LONG FORM APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR PAY FILING FEE WITHIN FORTY-FIVE DAYS<br><br>(ECF No. 2). |

Plaintiff Candace Smith filed this civil action on February 29, 2024. (*See* ECF No. 1). With the filing of his complaint, Plaintiff submitted an application to proceed *in forma pauperis* (IFP) (ECF No. 2).

Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). Rather, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234. However, "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

1

Under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue." But "[t]o dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 n. 8 (9th Cir. 2015). "[C]ourts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." *Witkin v. Lee*, No. 2:17-CV-0232-JAM-EFB P, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), *report and recommendation adopted*, No. 2020 WL 4350094 (E.D. Cal. July 29, 2020).

With these standards in mind, the Court notes that Plaintiff's IFP application checks "No" on the standard from question that asks if Plaintiff is currently employed. (ECF No. 2, p. 1). However, Plaintiff has handwritten "pending issue" next to the box, creating some uncertainty as to whether Plaintiff is employed or not. Moreover, Plaintiff does not fill out the portion of the form asking the date of Plaintiff's last employment and Plaintiff's employer and pay information. Lastly, Plaintiff indicates that Plaintiff has not received any money from employment over the last twelve months.

Adding further uncertainty to Plaintiff's financial circumstances are Plaintiff's IFP applications filed in other recent cases. Notably, Plaintiff filed six cases from February 15, 2024, to February 29, 2024.[1] In one of these cases, 1:24-cv-204-NODJ-SAB, Magistrate Judge Stanley A. Boone denied Plaintiff's IFP application without prejudice based on confusion as to Plaintiff's employment status, directing Plaintiff to file a long-form IFP application:

> On February 15, 2024, Plaintiff filed an incomplete application to *proceed in forma pauperis* wherein she stated she was currently employed but failed to state her take-home salary or wages. (Id.) The Court denied Plaintiff's application without prejudice and ordered her to either file a completed application or pay the filing fee. (ECF No. 3.)
>
> On February 23, 2024, Plaintiff filed a second application to proceed *in forma pauperis* where she stated she is not employed due to a car accident as of February 7, 2024. (ECF No. 4.) However, Plaintiff also responded "no" to question number

---

[1] *See* 1:24-cv-00199-JLT-SKO; 1:24-cv-00200-NODJ-BAM; 1:24-cv-00203-JLT-HBK; 1:24-cv-00204-NODJ-SAB; 1:24-cv-00221-NODJ-HBK; and 1:24-cv-00251-EPG.

> 3(a) requesting information regarding whether she has received income from a business, profession, or other self-employment in the past twelve months. (Id.) The Court construes Plaintiff's second application to state that she was employed until February 7, 2024; however, Plaintiff also states she has not received income in the past twelve months. The Court is unaware if Plaintiff's response to question three was made in error. The Court therefore cannot determine from the information provided in both short form applications if Plaintiff is entitled to proceed in this action without prepayment of fees.
>
> Accordingly, the Court will order Plaintiff to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239. If Plaintiff is unwilling to complete and submit the long form application, Plaintiff must pay the filing fee in full.

(1:24-cv-00204-NODJ-SAB, ECF No. 5, pp. 1-2).

Moreover, Magistrate Judge Helena M. Barch-Kuchta likewise ordered Plaintiff to file a long form IFP application based on uncertainty in Plaintiff's IFP application:

> Plaintiff's application does not contain sufficient information for the Court to determine if she is entitled to proceed in this action without prepayment of fees. Notably, Plaintiff acknowledges that she is employed but fails to certify under penalty of perjury her income. Accordingly, the Court will order Plaintiff to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239. If Plaintiff is unwilling to complete and submit the long form application, Plaintiff must pay the filing fee in full.

(1:24-cv-00203-JLT-HBK – ECF No. 3, p. 1).

In short, Plaintiff's employment status and potential earnings over the last twelve months need to be accurately reported before this Court can determine whether Plaintiff is eligible to proceed IFP in this action.

Accordingly, IT IS ORDERED that:

1. Plaintiff's IFP application (ECF No. 2) is denied without prejudice.
2. The Clerk of the Court shall send Plaintiff a long form IFP application (AO 239).
3. Within forty-five (45) days of the date of service of this order, Plaintiff shall submit the attached IFP application, completed and signed under penalty of perjury, or in the alternative, pay the $405.00 filing fee for this action.

\\\
\\\\
\\\
\\\

4. No requests for extension will be granted without a showing of good cause. <u>Failure to comply with this order may result in dismissal of this action.</u>

IT IS SO ORDERED.

Dated:   **March 4, 2024**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE